**LFR**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

**14  6181**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Beth Goldberg

### DEFENDANTS
Simm Associates, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Blitshtein & Weiss 648 2nd Street Pike
Southampton PA 18966 215-364-4900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692 et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 10/28/2014

SIGNATURE OF ATTORNEY OF RECORD

OCT 29 2014

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

/MPS

LFR

14-CV-6181

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __195 Aspen Rd Yardley, PA 19067__

Address of Defendant: __800 Pencader Drive, Newark, DE 19702__

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases   FDCPA
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

OCT 29 2014

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Tova Weiss__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __10/28/2014__   _/s/ Tova W_   74015
                       Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/28/2014__   _/s/ Tova W_   74015
                       Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Beth Goldberg
v.
Simm Associates, LLC

CIVIL ACTION

NO. **14  6181**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 10/28/2014 | Tova Weiss | Tova Weiss |
| Date | Attorney-at-law | Attorney for Plaintiff |
| 215-364-4900 | 215-364-8050 | weiss@lawyersbw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02



OCT 29 2014



$400

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETH GOLDBERG** : | |
| 195 Aspen Road : | |
| Yardley, PA 19067 : | **14  6181** |
| : | |
| Plaintiff : | |
| : | No.: |
| v. : | |
| : | |
| **SIMM ASSOCIATES, INC.** : | Jury Trial Demanded |
| 800 Pencader Drive : | |
| Newark, DE 19702 : | |
| : | |
| Defendant : | |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 P.S. Section 201-1, *et seq.*

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in Bucks County, in the Commonwealth of Pennsylvania.

5. Defendant regularly transacts business in Bucks County, in the Commonwealth of Pennsylvania.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Beth Goldberg, an adult individual with a current address of 195 Aspen Road, Yardley, PA 19067.

8. Defendant(s) is Simm Associates, Inc. ,(hereinafter "Defendant") a business engaged in consumer debt collection with a principle place of business located at 900 Pencader Drive, Newark, DE 19702.

## FACTUAL BACKGROUND

9. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

10. On or about September 2014 and October 2014, within 365 days from the date of the filing of this Complaint, Defendant, by and through its employee/agent "Carole" called Plaintiff's employer, at phone number 215-750-9411 on at least four (4) separate occasions.

11. Additionally, Plaintiff repeatedly requested of Defendant and "Carole" not to call as this is her place of employment and cannot receive personal phone calls.

12. Notwithstanding Plaintiffs repeated directives not to call her at her place of employment Defendant and its employee/agent "Carole" continued to call Plaintiff's place of work.

13. After one of Defendant's repeated calls to Plaintiff, at Plaintiff's place of employment, Plaintiff's supervisor inquired about the phone call and "is everything okay."

14. Defendant contacted Plaintiff's place of employment excessively, knowing that Plaintiff was not to receive phone calls there, which was harassing and annoying to Plaintiff causing Plaintiff stress, anxiety and emotional upset.

15. After Defendant's initial contact with Plaintiff, Defendant failed to provide Plaintiff with the required "g" notice, in writing.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

16. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

17. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

18. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

19. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

20.     Defendant violated the FDCPA, 15 U.S.C Sections, 1692c(a)(1), 1692c(a)(3), 1692d, 1692f and 1692g in the following manner:

      (a)     Communicating with a Plaintiff's employer more than once;

      (b)     Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

      (c)     Communicating with Plaintiff at Plaintiff's place of employment knowing that the consumer's employer prohibits the consumer from receiving such communication;

      (d)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

      (e)     Using false representation or deceptive manes to collect or attempt to collect any debt or to obtain information concerning a consumer;

      (f)     Failing to provide the necessary "g" notice; and

      (g)     Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

21.     Defendant engaged in per se violations of the FDCPA, 15 U.S.C. Sections 1692c(a)(1), 1692c(a)(3), 1692d, 1692f and 1692g.

22.     The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

23. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

24. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

25. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

26. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

27. Any mistake made by Defendant would have included a mistake of Law.

28. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. Section 201-1, et seq.

29. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

30. The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act constitutes per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

31. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

32. As a result of the Defendant's violations the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## DAMAGES

33. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

34. Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b) Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00;

(c) $10,000.00 for Emotional Distress, Humiliation, Embarrassment and Anxiety;

(d) Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3) and 73 P.S. Section 2270.5 against the Defendant. Attorneys' fees are calculated at a rate of $350.00 per hour;

(e) Statutory damages pursuant to 73 P.S. Section 2270.5(c);

(f) Actual Damages pursuant to 73 P.S. Section 201-9.2(a);

(g)     Statutory damages pursuant to 73 P.S. Section 201.9-2(a);

(h)     Treble damages pursuant to 73 P.S. Section 201-9.2(a)

Plaintiff's attorney fees continue to accrue as the case move forward.

(i)     All other relief that the Court deems just and proper.

Respectfully Submitted,<br>
BLITSHTEIN & WEISS, P.C.<br>
<br>
By: _____<br>
Tova Weiss, Esquire<br>
Iriana Blitshtein, Esquire<br>
648 2nd Street Pike<br>
Southampton, PA 18966<br>
(215)364-4900<br>
Fax (215)364-8050<br>
Attorneys for Plaintiff

Date: 10/28/2014